**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| **Joshua Dyson Carraway,** | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:25-cv-648-JD |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| **Experian Information Solutions, Inc.,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

1.     This is an action brought by the Plaintiff, Joshua Dyson Carraway, for actual, statutory, and punitive damages, attorney's fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq,* (hereinafter "FCRA").

2.     The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3.     The FCRA likewise demands that consumers' disputes of inaccurate information be taken seriously by the consumer reporting agencies, requiring that they do much more than simply pass information between themselves and furnishers of information electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

## JURISDICTION AND VENUE

4. This Court has Jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681p, and 28 U.S.C. §1331 and §1332.

5. Venue is proper in the Florence Division because the Plaintiff resides in Horry County and the Defendant transacted business in this division.

## PARTIES

6. The Plaintiff, Joshua Dyson Carraway, is a resident and citizen of the State of South Carolina, Horry County, and is over the age of twenty-one (21) years.

7. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation registered to do business in South Carolina with the South Carolina Secretary of State. Defendant Experian may be served with process through its registered agent for service of process, C T Corporation System, 2 Office Park Court Suite 103, Columbia, SC 29223. Defendant Experian was in all respects and at all times relevant herein doing business in the state of South Carolina.

8. Defendant Experian is a credit reporting agency as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a.

9. Defendant Experian's acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which requires Defendant to provide a consumer a complete copy of their credit file upon request, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit file, and which requires the Defendant to conduct a reasonable re-investigation of disputed information received from

the Plaintiff.

10. The Plaintiff alleges that Defendant repeatedly failed to delete and suppress erroneous, false, misleading, or inaccurate information from the Plaintiff's credit file, and mixed the Plaintiff's credit file with that of another consumer thereby negatively impacting the Plaintiff's credit worthiness, det to income ratio, credit score, and overall credit reputation.

## FACTUAL ALLEGATIONS

11. In January 2024, Plaintiff's car insurance premium increased from $53.00 per month to over $200.00 per month. In order to determine why his insurance payment increased so drastically, Plaintiff contacted his insurance company, Geico, and learned that Geico had placed a $360.18 debt owed by another Geico insured by the name of Joshua "Knox" in Plaintiff's name.

12. As a result, a collection account was reported as belonging to Plaintiff to the credit reporting agencies sometime between October 2, 2023, and January 3, 2024.

13. When the CCS Collection account was added to Plaintiff's credit file, Plaintiff's credit score dropped 117 points.

14. On January 23, 2024, at the advisement of Geico, Plaintiff filed a police report with the Florence County Sheriff's Office.

15. On or about January 29, 2024, Plaintiff pulled his Experian credit report and discovered that his credit report was now mixed with a Joshua Know. Reporting on Plaintiff's Experian credit report were several variations of the name Joshua "Knox," ten

(10) addresses at which he never lived, two (2) phone numbers that were not his, a Social Security number that was not his, an employer for which he never worked, hard inquires that were not his, and multiple accounts that did not belong to him.

16. On or about February 21, 2024, Plaintiff mailed a written dispute letter ("First Dispute Letter") to Defendant via certified mail. Plaintiff's dispute included all of the incorrect names, which were variations of the name Joshua Knox; the incorrect social security number; the incorrect addresses; incorrect telephone numbers; incorrect employment information, and all of the hard inquiries and accounts that did not belong to him.

17. Defendant received Plaintiff's First Dispute Letter on March 1, 2024, but never responded to Plaintiff. Defendant also never re-investigated any of the items or accounts Plaintiff disputed.

18. On or about April 18, 2024, Plaintiff mailed a second written dispute letter ("Second Dispute Letter") to Defendant via certified mail. In this letter, Plaintiff stated he had mailed a letter to Defendant on February 21, 2024, disputing information that was reporting incorrectly on his credit report, but that Experian had never responded. Plaintiff restated the incorrect information being reported and again asked Defendant to remove the incorrect information from his credit report.

19. Defendant received Plaintiff's Second Dispute Letter on April 22, 2024, but again never responded to Plaintiff. Defendant also never re-investigated any of the items or accounts Plaintiff disputed.

20. On or about June 12, 2024, Plaintiff mailed a third written dispute to Defendant ("Third Dispute Letter"). In this third letter, Plaintiff reiterated that he had already mailed two letters to Experian, and Experian had never responded. Plaintiff also informed Experian he tried to get his results through Experian.com, but it told him his information did not match and it would not send him a code to access the results. Plaintiff again asked Defendant to remove the names that were not his, the addresses he never lived at, the accounts that were not his, the hard inquiries, the incorrect Social Security number, the two phone numbers that were not his, and an employer for which he never worked. Plaintiff requested Defendant mail him a copy of any investigation results and his current credit report since he was not able to get a copy any other way.

21. Due to the fact that Plaintiff was completely unable to obtain a copy of his Experian credit report and he was not able to obtain a copy of Defendant's alleged investigation results at Experian.com, Plaintiff began worrying that this information was wrongfully being provided to Joshua Knox.

22. Defendant received Plaintiff's Third Dispute Letter on June 17, 2024, and, on July 8, 2024, finally sent Plaintiff dispute results which stated that the disputed names, addresses, phone numbers, and employer were "not currently displaying" on his credit report. However, other inaccurate information remained.

23. For at least six months, Plaintiff's file was mixed with a third party. During this time Defendant had repeated notice that Plaintiff's credit file was incorrect and mixed with a third party, but Defendant failed to take any steps to correct it.

24. Further, Defendant provided Plaintiff's information to various third parties which were not authorized to obtain same. Specifically, a hard inquiry not authorized by Plaintiff was performed by NOWCOM/Good Deal Car Sal on March 25, 2024. Additionally, there were numerous inquiries by Experian CreditMatch and Credit Karma which were not done nor authorized by Plaintiff.

25. Plaintiff's inaccurate, mixed credit file was viewed by Ceser SC, Clarity/CreditNinja, One Main, Cap One, AXCSSFN/CNGO, Santander Consumer, Progressive, and Srchamer/McLeod Health.

26. During the time Plaintiff's credit file has been mixed, he has been unable to move forward with trying to buy a home for his family.

## COUNT ONE
## FCRA - 15 U.S.C. §1681n

27. The Plaintiff adopts the averments and allegations of paragraphs 11 through 26 hereinbefore as if fully set forth herein.

28. Defendant maintains and distributes credit data files on the Plaintiff's credit.

29. Defendant willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and (c) providing Plaintiff's credit file to companies without determining that these companies had a permissible purpose to obtain Plaintiff's credit file pursuant to 15 U.S.C. §1681b.

30. The Plaintiff further alleges that Defendant willfully and intentionally failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

31. Due to Defendant's willful failure to comply with the requirements of the Fair Credit Reporting Act, the Plaintiff is entitled to statutory damages.

32. As a result of Defendant's willful violations of the FCRA, the Plaintiff has suffered, continues to suffer, and will suffer future damages, including delay in seeking credit to purchase a home, lost opportunities to receive credit, damage to reputation, worry, anxiety, physical sickness, physical pain, headaches, loss of sleep, distress, family discord, frustration, embarrassment, and humiliation. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

33. In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

34. Plaintiff is entitled to attorneys' fees, pursuant to 15 U.S.C. §1681o(a)(2).

35. Further, Defendant's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights. Therefore Defendant is liable to the Plaintiff for punitive damages in an amount to be determined by the jury.

## COUNT TWO
## FCRA 15 U.S.C. §1681o

36. The Plaintiff adopts the averments and allegations of paragraphs 11 through 35 hereinbefore as if fully set forth herein.

37. Defendant negligently failed to comply with the requirements imposed under the

FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and (c) providing Plaintiff's credit file to companies without determining that these companies had a permissible purpose to obtain Plaintiff's credit file pursuant to 15 U.S.C. §1681b.

38.  Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

39.  As a result of Defendant's negligent violations of the FCRA, the Plaintiff has suffered, continues to suffer, and will suffer future damages, including delay in seeking credit to purchase a home, lost opportunities to receive credit, damage to reputation, worry, anxiety, physical sickness, physical pain, headaches, loss of sleep, distress, family discord, frustration, embarrassment, and humiliation.  Plaintiff is entitled to actual damages in an amount to be determined by the jury.

40.  In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

41.  Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. §1681o(a).

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendant for the following:

A.  Actual and statutory damages from Defendant pursuant to 15 U.S.C.

§1681n(a)(1)(A) and/or 15 U.S.C. §1681o(a)(1);

    B.    Punitive damages from Defendant pursuant to 15 U.S.C. §1681n(a)(2);

    C.    Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and

    D.    For such other and further relief as the Court may deem just and proper.

/s/ *Penny Hays Cauley*
Penny Hays Cauley, Fed ID #10323
**HAYS CAULEY, P.C.**
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ *Penny Hays Cauley*
Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
Experian Information Solutions, Inc.
c/o – C T Corporation System - Registered Agent
2 Office Park Court, Suite 103
Columbia, SC 29223